IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HALEY MARIE GALBREATH                                              PETITIONER

VS.                    NO. 4:23-CV-00021-BRW-ERE

DEXTER PAYNE, Director,
Arkansas Division of Correction                                    RESPONDENT

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this Recommendation without independently reviewing the record.

I.  INTRODUCTION

Haley Marie Galbreath, an inmate at the Wrightsville Women's Facility of the Arkansas Division of Correction has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, through counsel. Ms. Galbreath's petition is successive and should be dismissed for lack of jurisdiction.

## II.   BACKGROUND

On March 16, 2021, Ms. Galbreath was arrested after biting off a portion of a woman's ear, which led to: (1) the revocation of her parole on March 31, 2021 in a criminal case in the Circuit Court of Clay County, Arkansas ("*Galbreath I*"); and (2) new charges of first-degree battery, second-degree battery upon a law enforcement officer, and resisting arrest in a separate criminal case filed in the Circuit Court of Lawrence County ("*Galbreath II*").  See *Galbreath v. Payne*, No. 4:22-cv-00284-BRW-ERE (E.D. Ark.), *Doc. 8 at 32-4* (discussing Ms. Galbreath's first § 2254 petition and state court background).

On March 28, 2022, while the charges in *Galbreath II* were pending, Ms. Galbreath filed her first § 2254 habeas action in this Court, through counsel, challenging: (1) the revocation of her parole in *Galbreath I*; and (2) the state criminal charges then pending against her in *Galbreath I. Id. at Doc. 1*.

On April 25, 2022, Ms. Galbreath pleaded *nolo contendere* to first and second degree battery charges then pending against her in *Galbreath II*, and she was sentenced to serve 48 months in prison. *Id*. Ms. Galbreath did not file a direct appeal challenging the judgment or sentence in *Galbreath II*. *Id*.

On May 27, 2022, Ms. Galbreath amended her first § 2254 petition, then pending in this Court, to challenge only the revocation of her parole in *Galbreath I* on due process grounds. *Id., Doc. 3*. On August 8, 2022, United States District Judge

2

Billy Roy Wilson dismissed Ms. Galbreath's amended petition, with prejudice, on the ground that her claims were procedurally defaulted.[1] *Id.*, *Docs.8, 10.* Ms. Galbreath appealed, and the Eighth Circuit denied a certificate of appealability. *Id., Docs. 14, 18, 19*.

On January 9, 2023, Ms. Galbreath filed a new § 2254 petition, initiating this second habeas action. *Doc. 1*. The initial petition indicated that she was challenging the judgment in *Galbreath II*, but she stated no specific grounds for relief. Accordingly, the Court requested that she file an amended petition specifying her grounds for relief. *Doc. 2*.

On February 28, 2023, Ms. Galbreath filed an amended petition (*Doc. 3*) and a supplement (*Doc. 4*) declaring that she is challenging the judgment of conviction entered in *Galbreath II*, entered on April 25, 2022. *Doc. 3 at 1, Doc. 4 at 1*. However, the content of her pleadings make clear that she is once again challenging the revocation of her parole in *Galbreath I* on the following grounds: (1) she was

---

[1] In July 2022, while Ms. Galbreath's first § 2254 habeas action was still pending, the Arkansas Parole Board ("APB") denied her request for parole. On September 29, 2022, she filed through counsel an "Emergency Petition for Writ of Certiorari and/or for Writ of Habeas Corpus" with the Arkansas Supreme Court, challenging the denial of her parole request. *Doc. 1 at 15*. As grounds for relief, she argued that the APB disregarded Arkansas sentencing guidelines and the "spirit" of her negotiated plea in *Galbreath I*. *Id.* In addition, Ms. Galbreath argued that she had pleaded *nolo contendere* in *Galbreath II* on the "mistaken belief" that she would be released and that she was denied counsel and due process in connection with her March 2021 parole revocation in *Galbreath I*. *Id. at 17-18*. On October 3, 2022, the Arkansas Supreme Court denied Ms. Galbreath's petition without comment. *Galbreath v. Arkansas*, No. CR-22-609 *Doc. 1 at 2* (Sup. Ct. Ark. Oct. 3, 2022).

denied the assistance of counsel and due process at the March 31, 2021 parole revocation hearing; and (2) her parole was revoked in *Galbreath I* on the basis of unsupported charges then pending in *Galbreath II*. Doc. 4 at 5.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits a petitioner from filing a "second or successive [habeas] application" in a district court without authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). "When considering a habeas corpus application under § 2254, the phrase 'second or successive' must be interpreted with respect to the *judgment* challenged." *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 333 (2010) (emphasis in original)).

Ms. Galbreath's § 2254 petition in this case is her second contesting the revocation of her parole in *Galbreath I*. See *Van Zant v. Florida Parole Commission*, 308 Fed. App'x 332, 334 (11th Cir. 2009) (noting that the revocation of parole is considered to be a judgment of a state court, properly governed by 28 U.S.C. § 2254); *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003) (noting that a person in custody by virtue of a parole board's decision to revoke is in custody pursuant to a judgment of conviction and sentence). Ms. Galbreath's argument that her parole was revoked in *Galbreath I* based on unsupported charges then pending in *Galbreath II* does not transform her challenge to one attacking the judgment entered in *Galbreath II*.

Only the United States Court of Appeals for the Eighth Circuit has the authority to grant Ms. Galbreath permission to file a successive § 2254 habeas petition. Until Ms. Galbreath receives authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Ms. Galbreath's 28 U.S.C. § 2254 petition (*Doc. 1*) and amended petition and supplement (*Docs. 3, 4*) be DISMISSED, WITHOUT PREJUDICE, so that she may seek authorization from the Eighth Circuit to file a successive habeas petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. A Certificate of Appealability be DENIED. S*ee* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 25th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE